PACER Cover Sheet
for Electronically Filed Documents

Any data shown here are current as of  06/10/06    . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Robert Franklin Brisbin and Kyle L. Brisbin

**Case Number:** 04-10642

## Document Information

**Description:** Interim Order on [33-1] Objection filed by Debtor Kyle L. Brisbin and Debtor Robert Franklin Brisbin to Claim of CIT Group/Consumer Financial I; Claim Number #5 in the amount of Various Amounts.

**Received on:** 2005-09-22 16:15:33.000

**Date Filed:** 2005-09-22 00:00:00.000

**Date Entered On Docket:** 2005-09-23 00:00:00.000

## Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
Robert Franklin Brisbin
and Kyle L. Brisbin,
    Debtors.                    No. 13 - 04-10642 - SA

### INTERIM ORDER ON DEBTORS' AMENDED OBJECTION
### TO PROOF OF CLAIM #5 FILED BY CIT GROUP

This matter is before the Court on Debtors' Amended Objection to Proof of Claim #5 of CIT Group ("CIT")(doc. 33). Debtors appear through their attorney William P. Gordon & Associates. CIT Group appears through its attorney Reeves, Chavez, Albers, Anderson & Baca, P.A. The Chapter 13 Trustee appeared through her attorney Annette DeBois. CIT Group filed a response (doc. 35), and Debtors filed a brief in support of their objection (doc. 39). This is a core proceeding. 28 U.S.C. § 157(b)(2)(B).

The sole issue dealt with in this Order is whether the Debtors may object to CIT's claim after obtaining an Order confirming their Chapter 13 Plan. This Order does not deal with the merits of the claim or the objection thereto.

Having considered the arguments of the parties, and being otherwise sufficiently informed, the Court finds that Debtors are permitted, both by the language in their plan and as a matter of law, to object to CIT's claim at this time.

Therefore, the Court will schedule a pretrial conference to set discovery and deadlines for this contested matter.

First, Debtors' plan anticipates payments on arrearages "allowed by the court" if the proof of claim exceeds the plan's estimated amount due. Second, the Court finds <u>In re Shank</u>, 315 B.R. 799 (Bankr. N.D. Ga. 2004) persuasive. That court thoroughly analyzed the issue of objecting to claims after confirmation and reasoned that nothing in the code or rules require objections to be filed before confirmation. <u>Id.</u> at 801. <u>See also</u> <u>United States v. Kolstad (In re Kolstad)</u>, 928 F.2d 171, 174 (5th Cir.), <u>cert. denied</u>, 502 U.S. 958 (1991)(There is no bar date for filing objections to proofs of claim.); <u>Morton v. Morton (In re Morton)</u>, 298 B.R. 301, 309 (6th Cir. B.A.P. 2003)(The line of cases that finds that there is no requirement to object to proofs of claim before the time of confirmation of a chapter 13 case is better reasoned.)

Therefore,

IT IS ORDERED that Debtors objection to CIT's claim will be heard on the merits. It is further ordered that the Court will conduct a pretrial conference on October 17, 2005 at 9:30 a.m. in the Hearing Room, Room 13102, Dennis Chavez Federal Building and United States Courthouse, 500 Gold Avenue, SW, Albuquerque, New Mexico 87102.

/s/ James S. Starzynski
_____
Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on September 22, 2005, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Bill Gordon and Associates
2501 Yale SE Suite 204
Albuquerque, NM 87106

Kelly P. Albers
650 Montana Ave. Ste. D
Las Cruces, NM 88001

Kelley L. Skehen
Chapter 13 Trustee
625 Silver Avenue SW, Suite 350
Albuquerque, NM 87102-3111

/s/ James E. Burke

Note: Counsel/parties may appear via telephone if a written request is received in the Court's Chambers no later than 5:00 pm (MT) of the business day prior to the day of the hearing. For this purpose only, requests to appear via telephone may be faxed to Chambers at (505) 348-2432.